Pearsox, J.
 

 It is stated in the record, “At Fall Term 1846,” “Timothy Lassiter, Wiley Reddick, and Lassiter Reddick, came into Court
 
 as landlords,
 
 enter into the common rule, and are permitted to defend.” A landlord has a right to be made defendant with his tenant, when he appears, or
 
 to
 
 defend in his stead, if he fails to appear, but in either case he can only make such defence, as the tenant can make. He stands with, or in the place of, the tenant, and is entitled to his rights, and is subject to his disadvantages.
 
 Balfour
 
 v.
 
 Davis,
 
 4 Dev. & Bat. 305,
 
 Knight v. Smyth,
 
 4 Maule & Selwyn 347.
 

 Wise
 
 v.
 
 Wheeler,
 
 5 Ire. 196, and
 
 Lee
 
 v.
 
 Hannegan, 7
 
 Ire. 471, were cited by the defendant's counsel, as being, in some measure, opposed to the rule above laid down.— But it will be seen, upon examination, that such is not the fact. The former case expressly admits the general rule in reference to landlords, and takes a distinction, because John II. Wheeler did not profess upon the record to be the landlord ; and, inasmuch as no stranger has a right to defend with, or in the place of, the person in possession, the Court inferred, that Wheeler, upon the default of the person in possession, had been allowed, by the
 
 consent of the plaintijf,
 
 to make himself defendant, and was at liberty to take an independent position. In the latter, the case states, that Mary Hannegan was made defendant by the consent of the plaintiff, and no objection was made to her defence. So both these cases recognise the well settled rule in regard to landlords. There is error in allowing the defendants to rely upon a ground of defence, which
 
 *382
 
 was not open to Benton, the person in possession, for, except as his landlords, they had no right to make themselves defendants, and, after doing so, they were bound to act up to the relation which they professed, in order to get the privilege of making defence.
 

 There is some discrepancy between the record, and the case made by the Judge. This states, “this suit was commenced against Benton, and the defendants were allowed, by an order of Court, to come in and defend.” If a contradiction occurred, we should be bound by the record, because the province of the Judge is simply to state the case ; the record is sent to speak for itself. There is, however, no contradiction; the Judge makes a general statement, which is reconcilable with the particular statement of the record.
 

 It is probable, the attention of his Honor was not di* rected to the statement in the record, that the defendants were allowed to defend
 
 as landlords,
 
 and because he thought the case within the decision of
 
 Wise
 
 v.
 
 Wheeler,
 
 and not under the general rule.
 

 Phr Curiam Judgment reversed and
 
 venire de novo.